The Chancellor.
The complainant owns two-thirds of the patent and the defendant one-third. The bill is filed to compel the performance of an agreement by which, it is alleged, the defendant bound himself to discontinue manufacturing the machines when he should have made enough out of the profits of the business to re-imburse him certain advances he had made for putting the manufacture of the machines in operation. The bill alleges that the defendant has made enough to re-imburse him the said advances ; and asks that he be compelled to discontinue, in fulfilment of his agreement; and that he be enjoined, in limine, from further manufacturing.
The answer, which was read as an affidavit, denies that the defendant has yet re-imbursed himself by manufacturing under the patent.
Whether, the Court will decree the specific performance of such an agreement, will be the question on the final hearing.
If it were palpable that the defendant had, by manufacturing under the patent,. made enough to re-imburse him, it would not follow necessarily that the Court would oblige him to discontinue, in fulfilment of his agreement. He ownes a third of the patent, and has, therefore, a right to manufacture under it. The complainant, being the owner of the other two-thirds, has also a right to manufacture under the patent. Each would be accountable to the other for his proportion of the profits. It being, at least, uncertain whether a decree for the specific performance of such an agreement would be made, a preliminary injunction, which would compel an initiative performance of it, cannot be allowed.
It is evident that the difficulty between these parties lies beyond this. An injunction would probably not have been asked on the foregoing view of the case.
The real difficulty is, that the defendant denies that he is manufacturing under the patent, and claims that the article he is manufacturing is not within the patent, but is a different article.
*609 It is really, therefore, a question of infringement of a patent right.
Of such questions state courts have no jurisdiction.
Injunction denied.